UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

                       Petitioner,

        -v-

GEN-CAP INDUSTRIES, INC.,

                       Respondent.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/12

11 Civ. 8425 (JMF)

MEMORANDUM
OPINION AND
ORDER

JESSE M. FURMAN, United States District Judge:

      On November 21, 2011, Petitioner New York City District Council of Carpenters (the "Union") commenced this action, petitioning the Court pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm an arbitration award (the "Award") issued against Respondent Gen-Cap Industries, Inc. ("Gen-Cap"). In its petition (the "Petition"), the Union also seeks (1) prejudgment interest from the date of Gen-Cap's breach of the collective bargaining agreements and/or service of the Award; and (2) attorney's fees and costs. The Petition was served on Respondent on December 2, 2011. To date, Gen-Cap has neither responded to Petitioner's confirmation action nor otherwise sought relief from the Award. For the reasons stated below, the Award is CONFIRMED in part, VACATED in part, and Petitioner's requests for prejudgment interest, attorney's fees, and costs are GRANTED.

## BACKGROUND

      On August 1, 2007, Gen-Cap entered into a Collective Bargaining Agreement ("CBA") with the Union. (Shanley Decl. Ex. 1; *see also* Pet. ¶ 4). The CBA provided that in the event of layoffs at Gen-Cap, employees would be discharged in order of seniority within any given

department. (*See* Shanley Decl. Ex. 1, Art. L § 2). It further obligated Gen-Cap to contribute to a Union-operated benefits fund on behalf of each of its employees. (*See id.* Art. I ¶ 2).

On July 6, 2010, the Union filed grievances against Gen-Cap, pursuant to the procedure outlined in the CBA. (*See id.* Art. S § 1). The Union alleged that Gen-Cap had violated the terms of the CBA by discharging an employee, Sencion Bonilla, and failing to pay him accrued vacation and sick time, as well as his health and pension benefits. (Pet. ¶ 9). Pursuant to the arbitration clause in the CBA, the dispute was submitted to binding arbitration in front of Roger Maher, the duly designated impartial arbitrator. (Pet. ¶¶ 8-9).

On August 19, 2011, Arbitrator Maher held a hearing to adjudicate the dispute between the parties. (Shanley Decl. Ex. 3 at 1). Gen-Cap was notified that in the event that it failed to appear at the hearing, the arbitrator had the authority to proceed with the hearing and issue an award on the basis of the evidence presented by the Union. (*Id.*). Just prior to the start of the hearing, Gen-Cap faxed a letter to the arbitrator, stating that it was unable to attend the hearing and noting that it was undergoing serious financial hardship. It requested an adjournment of the hearing, which the Union opposed. (*Id.* at 1-2). The arbitrator denied Gen-Cap's request for an adjournment, found it to be in default, and proceeded to hear evidence on the Union's claims. After examining the evidence presented by the Union, the arbitrator found that Gen-Cap had violated the CBA by discharging Bonilla, failing to pay him vacation and sick time, and failing to pay his health and pension benefits. (*Id.* at 2-3).

On August 22, 2011, Arbitrator Maher issued his Award, finding in favor of the Union. The Award required Gen-Cap to pay: (1) $3,190.00 to Bonilla for wages, sick time, and vacation time; (2) $1,140.00 to the NYC District Council of Carpenters Benefits Funds for Bonilla's health benefits; (3) $230.00 to the Hollow Metal Pension Fund for Bonilla's pension benefits;

and (4) $450.00 to the arbitrator for one-half of the arbitrator's fee, pursuant to the CBA. (*Id.* at 2-3). Arbitrator Maher further ordered that in the event that Gen-Cap failed to comply with the terms of the Award and counsel for the Union was required to enforce the Award in court, Gen-Cap would be liable for the Union's related attorney's fees in the amount of $2,500.00. Respondent received a copy of the Award via certified mail. (Pet. ¶ 17).

Thereafter, Gen-Cap did not comply with the terms of the Award. On November 21, 2011, Petitioner filed the Petition with this Court seeking: (1) confirmation of Arbitrator Maher's Award, including attorney's fees and costs incurred in bringing the action to confirm the Award; and (2) interest that had accrued against Gen-Cap since its breach of the CBA and/or the service of the Award. (Pet. at 5-6). As noted above, the Union's Petition was served on Gen-Cap on December 2, 2011. (Dkt. No. 6). Gen-Cap neither responded to the Petition nor separately brought a motion to vacate, modify, or correct the Award. On April 24, 2012, this Court issued an order granting the parties the opportunity to file additional materials related to the Petition. (Dkt. No. 8). The Union served a copy of that order on Gen-Cap on May 7, 2012. (Dkt. No. 13). Neither party submitted additional materials to the Court.

On July 3, 2012, this Court issued an order directing Petitioner to show cause in writing why the Court should confirm that portion of the arbitrator's ruling that awarded $2,500.00 in attorney's fees prospectively. (Dkt. No. 14). Among other things, the order directed Petitioner to address whether, in granting such attorney's fees, the arbitrator exceeded his powers or otherwise acted without authority. Petitioner served a copy of the Court's order on Gen-Cap on the same day. (Dkt. No. 15). On July 12, 2012, Petitioner's counsel submitted a declaration conceding that the prospective award of attorney's fees was "a practice of the arbitrator in order to assist in enforcement of his Order and was not as a result of authority granted him in the

Collective Bargaining Agreement." (Dkt. No. 17, ¶ 4). Petitioner asked the Court to treat the declaration as a request for attorney's fees and costs in lieu of confirming that portion of the Award, and it submitted contemporaneous time records indicating the amount and nature of the work completed in connection with the confirmation action.

## DISCUSSION

### A. Applicable Law

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) (internal quotation marks omitted). "Only a 'barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

"[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes," *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008), and judicial review of an arbitration award under Section 301 of the LMRA, 29 U.S.C. § 185, is "extremely deferential," *id.* at 405. Under the LMRA, an arbitration award should be upheld as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'" *Beth Israel Med. Ctr. v. 1199/S.E.I.U. United Healthcare Workers E.*, 530 F. Supp. 2d 610, 614 (S.D.N.Y. 2008) (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d

704, 714 (2d Cir. 1998)). Even if the court is convinced that an arbitrator "committed serious error," an award should not be vacated so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." *Abondolo*, 568 F. Supp. 2d at 405 (quoting *United Paperworkers Int'l v. Misco*, 484 U.S. 29, 38-39 (1987)) (internal quotation marks omitted); *see also* 9 U.S.C. § 10(a) (identifying the limited bases for vacating arbitration awards).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (citation omitted).

B. Analysis

1. **The Award**

Applying the foregoing principles, the Union has met its burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award other than the prospective award of attorney's fees, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at 110. Prior to issuing his Award, the arbitrator reviewed the CBA and its grievance and arbitration procedures, as well

as the other materials provided by the Union.[1] (*See* Shanley Decl. Ex. 3 at 2 (noting that the arbitrator "heard and considered the proofs and allegations of the Union")). Based on the evidence presented, the arbitrator determined that Gen-Cap had violated the CBA, and he awarded damages sufficient to compensate Bonilla and the Union for their respective injuries.

Although the Union has not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials. Further, and in any event, "[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations" — which have not been made in this case — "that the decision rests on factual errors or misinterprets the parties' agreement." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *5 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party. *See, e.g.*, *In re Arbitration between Gen. Sec. Nat. Ins. Co. and AequiCap Program Adm'rs*, 785 F. Supp. 2d 411, 416-17 (S.D.N.Y. 2011). Accordingly, the Court grants the Union's unopposed petition to confirm all portions of the Award other than the prospective award of attorney's fees, which is discussed below.

**2. Prejudgment Interest**

Petitioner also seeks an award of prejudgment interest running from the date of the breach of the CBA and/or service of the Award to the entry of judgment by this Court. Whether

---

[1] Although Gen-Cap did not participate in the arbitration proceedings, the arbitrator stated that Gen-Cap was properly served with notice of the arbitration. (Shanley Decl. Ex. 3 at 1). Moreover, Gen-Cap's request for adjournment of the hearing confirms that Gen-Cap received notice of the proceeding.

6

to award prejudgment interest in an action to confirm an arbitration award is in the discretion of the trial court, but there is a "presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984); *see, e.g., Local 282, Int'l Bhd. of Teamsters v. Pile Found. Constr. Co., Inc.*, No. 09-cv-4535 (KAM) (LB), 2011 WL 3471403, *13 (E.D.N.Y. Aug. 5, 2011). Moreover, pre-judgment interest is appropriate in an action to confirm an LMRA award when the relevant agreement indicates that the award is "final and binding." *See, e.g., Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC & A.M. Prop. Holding Grp.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004); *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millennium Constr.*, No. 03 Civ. 5122 (DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003).

Determination of the rate of interest is also within the discretion of the district court. *See Stone Park*, 326 F. Supp. 2d at 555. The "common practice" among courts within the Second Circuit is to grant interest at a rate of nine percent per annum — which is the rate of prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001-5004 — from the time of the award to the date of the judgment confirming the award. *E. Millennium Constr.*, 2003 WL 22773355, at *3; *see also Serv. Emp. Int'l Union Local 32BJ v. Laro Serv. Sys., Inc.*, No. 09 Civ. 9089 (JGK) (GWG), 2010 WL 2473592, at *3 (S.D.N.Y. May 28, 2010) (applying an interest rate of nine percent per annum to an arbitration award confirmation pursuant to the LMRA from the time of the award to the date of the judgment); *Stone Park*, 326 F. Supp. 2d at 555 (same).

In light of the presumption in favor of awarding pre-judgment interest and the fact that the CBA stated that the arbitration decision would be "final and binding," an award of pre-judgment interest is warranted in this case. (*See* Shanley Decl. Ex. 1, Art. I ¶; *id.* Art. S § 1). Consistent with the common practice in this Circuit, the Court concludes that the Union is

entitled to recover pre-judgment interest at the rate of nine percent per annum on the amounts due from the date of the Award to the date judgment is entered in this matter.

### C. Attorney's Fees

Finally, as noted above, Arbitrator Maher also ruled that if Gen-Cap did not comply with the Award and the Union needed to seek enforcement of the Award in court, Gen-Cap would be liable for the Union's related attorney fees in the amount of $2,500.00. A broad arbitration clause, such as the one here, empowers an arbitrator to award attorney's fees as a sanction for bad faith conduct in the arbitration itself. *See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009); *see also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 225 (2d Cir. 2001) (finding an arbitration clause to be broad because "the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause"); *Furchtgott-Roth v. Wilson*, No. 09 Civ. 9877 (PKC), 2010 WL 3466770, *7 (S.D.N.Y. Aug 31, 2010) (same). But an arbitrator's authority is established only through the contract between the parties who have subjected themselves to arbitration, and an arbitrator may not exceed the power granted to it by the contract. *See* 9 U.S.C. § 10(a)(4); *ReliaStar Life Ins.*, 564 F.3d at 91. "Where the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, N. Am., LLC*, 497 F.3d 133, 140 (2d Cir. 2007).

Here, as Petitioner itself concedes, the CBA did not authorize the arbitrator to award attorney's fees prospectively in the event that Gen-Cap failed to comply with the Award and the Union sought enforcement in court. (Dkt. No. 17, ¶ 4). Accordingly, the portion of the Award granting Petitioner prospective attorney's fees in the amount of $2,500.00 is vacated. *See* 9

U.S.C. § 10(a)(4); *cf. Porzig*, 497 F.3d at 140-41 (holding that an arbitration panel had no authority to fashion an award of attorney's fees requiring the attorney to reimburse his client because the attorney was not a party to the arbitration agreement); *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005) (holding that where an arbitration agreement clearly provided that an employee could be terminated for just cause, the arbitrator had "no authority . . . to fashion an alternative remedy").

Nevertheless, this Court concludes that it may, and should, award attorney's fees and costs itself. Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority, and neither Section 301 of the LMRA nor the Federal Arbitration Act provides for attorney's fees in actions to confirm an arbitration award. *See, e.g., N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08 Civ. 9061(RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb 03, 2009) (citing *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). A court may, however, exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith. *See id.* In confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (internal citations and quotation marks omitted); *see also, e.g., Dist. Council No. 9 v. All Phase Mirror & Glass*, No. 03 Civ. 0219 (KNF), 2006 WL 1493112, at *2 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's determination without justification, such as the defendants did in the instant case, attorney's fees may be awarded"). Here, Gen-Cap agreed to submit all disputes governed by the terms of the CBA to binding arbitration (Shanley Decl. Ex. 1, Art. S § 1), yet without justification failed to appear in both the arbitration proceedings and these proceedings.

Accordingly, attorney's fees are appropriate. *See, e.g., Abondolo v. H. & M. S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorneys [sic] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.").

In determining appropriate attorney's fees, district courts use the "lodestar method," in which the number of hours reasonably expended is multiplied by a reasonable hourly rate. *See, e.g., McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD) (DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)) (internal quotation marks omitted). When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court has discretion to reduce the rate. *See id.* (citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998)).

In the present case, Petitioner seeks to recover $350 in costs and $1,526.50 in fees for a total of 7.65 hours of work on the case. (Dkt. No. 17, ¶¶ 10-11). The attorney's fees are based on a rate of $215 per hour for each of the two attorneys who worked on the case, one of whom graduated law school in 1988 and has over twenty years of experience representing labor unions and the other of whom graduated law school only last year. (Dkt. No. 17, ¶¶ 7-8). The Court finds that the $215 per hour rate for the senior lawyer is reasonable for this district, *see N.Y. Dist. Council of Carpenters Pension Fund v. Perimeter Interiors*, 657 F. Supp. 2d 410, 424 (S.D.N.Y.

2009) (noting that the rate of $425 for partners was commensurate with rates generally charged for similar work in the district in ERISA/LMRA cases), but concludes that a reasonable client would not pay the same rate to the more junior lawyer, who has a fraction of the experience. *See Trs. of Plumbers and Pipefitters Nat. Pension Fund v. Daniel Weintraub & Assocs., Inc.*, No. 04-CV-2611 (FB) (CLP), 2007 WL 4125453, at *11 (E.D.N.Y. Nov. 16, 2007). Moreover, the rate requested for the more junior lawyer is slightly higher than attorneys of similar experience practicing LMRA law within this district. *See, e.g.*, *Trs. of Mason Tenders*, 2008 WL 3155122, at *11 (noting rates of $165 per hour and $200 per hour in LMRA/ERISA case are "close to, although slightly higher than," rates that have been found reasonable for attorneys with one to two years of experience); *Trs. of the E. States Health and Welfare Fund v. Crystal Art Corp.*, No. 00 Civ. 0887 (NRB), 2004 WL 1118245, at *6 (S.D.N.Y. May 19, 2004) (noting that rates of $180 to $200 per hour in ERISA case have been found to be reasonable for attorneys with four to six years of experience). Therefore, while the $215 hourly rate is approved for the more senior lawyer, the Court reduces the rate for the more junior lawyer to $165 per hour.

## CONCLUSION

For the reasons set forth above, the arbitration Award is CONFIRMED IN PART and VACATED IN PART. Petitioner's request for pre-judgment interest (Dkt. No. 2) at an annual rate of nine percent from the date of the Award is GRANTED and Petitioner's request for attorney's fees and costs (Dkt. No. 17) is GRANTED as modified. Petitioner is directed to submit a proposed Judgment consistent with this opinion to the Orders and Judgments Clerk of this Court by August 1, 2012. Respondent may submit any objections to the proposed Judgment

on or before August 8, 2012.

SO ORDERED.

Dated: July 20, 2012
      New York, New York

                                              JESSE M. FURMAN
                                     United States District Judge